MATTHEW A. LESNICK (SBN 177594)
  matt@lesnickprince.com
CHRISTOPHER E. PRINCE (SBN 183553)
  cprince@lesnickprince.com
WILLIAM F. GOVIER (SBN 262810)
  wgovier@lesnickprince.com
LESNICK PRINCE & PAPPAS LLP
185 Pier Avenue, Suite 103
Santa Monica, CA  90405
Telephone: (310) 396-0964
Facsimile:  (310) 396-0963

Proposed Counsel for Debtor and Debtor in Possession Net Data Centers, Inc.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>NET DATA CENTERS , INC.,<br><br>       Debtor and Debtor in Possession. | Case No. 2:15-bk-12690-BB<br><br>Chapter 11<br><br>**NOTICE OF EMERGENCY MOTION AND EMERGENCY MOTION FOR ORDER AUTHORIZING DEBTORS TO PAY PREPETITION WAGES, SALARIES, NONINSIDER BONUSES AND OTHER COMPENSATION AND BENEFITS AND TO CONTINUE EMPLOYEE BENEFIT PROGRAMS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br><u>Hearing</u>:<br>Date:    February 25, 2015<br>Time:   2:00 pm<br>Place:   Courtroom 1475<br>            Roybal Federal Building<br>            255 E. Temple Street<br>            Los Angeles, CA 90012 |

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE 20 LARGEST CREDITORS, AND PARTIES REQUESTING SPECIAL NOTICE:**

**PLEASE TAKE NOTICE** that Net Data Centers, Inc., the above-referenced debtor and debtor in possession (the "**Debtor**"), hereby moves this Court for entry of an order authorizing, but not directing, the Debtor to pay or honor in its discretion certain pre-petition non-insider employee wages and benefits (the "**Motion**").

**PLEASE TAKE FURTHER NOTICE** that the Motion is based on this Notice and Motion, the annexed *Memorandum of Points and Authorities*, the *Declaration of Pervez P. Delawalla in Support of Emergency First Day Motions*, and other such evidence and argument as the Court may consider.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rules 2081(a)(6) and 9075-1, this Motion will be heard at 2 p.m. on February 25, 2015 in the above-entitled court (i.e., on less 48 hours' notice). Any opposition or other response to the Motion may be filed with the Court and served on proposed counsel for the Debtors at the above address before the hearing or may be presented at the hearing. Failure to timely object may be deemed by the Court to constitute consent to the relief requested.

DATED: February 25, 2015    LESNICK PRINCE & PAPPAS LLP

By:    /s/ Matthew A. Lesnick
      Matthew A. Lesnick
      Proposed Counsel for Debtor and Debtor
      in Possession Net Data Centers, Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Debtor provides, among other things, hosting of mission-critical computer servers. The Debtor provides round the clock access to these servers to its customers. The very nature of the Debtor's business makes employee continuity utterly critical. The Debtor cannot cease operations for even a moment without risking a catastrophic disruption in services.

To maintain employee morale and to prevent employee attrition and the accompanying disruption to its business, the Debtor requests permission to pay or honor its non-insider employees' pre-petition wage and benefits up to the amount authorized in Section 507.

## II. STATEMENT OF FACTS

### A. Jurisdiction and Venue

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this chapter 11 case is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### B. General Background

On February 23, 2015 (the **"Petition Date"**), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues to operate and manage their affairs as Debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or committee has been appointed in this chapter 11 case.

The Debtor is an internet-based data center service provider delivering power, cooling, network connectivity and managed services within its data center locations. The Debtor was founded in or about 2001 and incorporated in 2002, and currently maintains 7 data centers in Los Angeles, New Jersey and Virginia to provide business support services to small and large businesses worldwide. The Debtor provides access to internet-based applications, providing file and data storage directly to its

customers. Leading social networks, enterprises, finance, content companies, and communications service providers rely on the Debtor's services for uninterrupted operations to support their mission critical applications.

The Debtor's data centers are specially designed to meet or exceed the most stringent requirements of demanding high power and high-density systems offering uninterrupted operations for its customer's businesses. The facilities include state of the art systems for fire suppression, climate control, uninterrupted power supply ("UPS"), and backup power generators, all protected by state of the art physical and software security systems.

In its fifteen year history, the Debtor has never missed a payroll. The Debtor provides mission-critical, 24-hour, 7-day per week support services to its customers, and the customers rely on the Debtor to ensure that their servers are running correctly at all times. Any disruption of services could be devastating to the Debtor's reputation and customer relations. No company would trust their most valuable servers to an unreliable company.

**C. Employee Wages and Benefits**

The Debtor currently has 32 employees, including insiders. Employee payroll is paid twice per month. The Petition Date (February 23, 2015) occurred in the middle of the second February pay period. The total payroll for this prepetition stub period is approximately $64,000, including overtime and holiday pay amounts. In addition, the Debtor's employees have accrued varying amounts of paid vacation and sick leave within the 180 days preceding the Petition Date. None of the employees are owed more than $10,000 in prepetition wages and benefits.

There are also two individuals (a Corporate Systems Admin, and one Executive Assistant) who are independent contractors who are also subject to the same stub period issues as the employees. These two independent contractors are owed approximately $3,000 for the prepetition stub period.

Case 2:15-bk-12690-BB    Doc 4    Filed 02/25/15    Entered 02/25/15 12:01:45    Desc
Main Document    Page 5 of 11

In addition, the Debtor owes approximately $28,000 of ordinary course sales commissions to four full-time sales people for sales generated prior to the Petition Date. Two of the sales people are owed more than $12,475 in total prepetition stub period wages and commission. The Debtor is only seeking permission to pay each sales person up to the priority amount specified in § 507(a)(4).

**III.**
**ARGUMENT**

The Debtor filed for bankruptcy in the evening on February 23, 2014 – four days before payday – so the Debtor's employees have pre-petition wages accrued that would otherwise be paid post-petition. As described above, the Debtor's business model is based on providing the highest possible level of customer service and access. Customers rely on the Debtor precisely because they want to guarantee that their most valuable computer data and applications will remain on-line at all times.

Turnover among employees occurs in every company, but the Debtor cannot survive large-scale departures. A restaurant or a manufacturing plant might reduce hours or even temporarily close without threatening its business, the Debtor cannot cease operations without risking serious consequences.

Local Rule 2081-1(a)(6) provides that a motion requesting permission to pay pre-petition wages show that:
    (A) The employees are still employed;
    (B) The necessity for payment;
    (C) The benefit of the procedures;
    (D) The prospect of reorganization;
    (E) Whether the employees are insiders;
    (F) Whether the employees' claims are within the limits established by 11 U.S.C.
    § 507; and
    (G) The payment will not render the estate administratively insolvent.

These factors are all present here as described in the Delawalla Declaration and below. Accordingly, the Debtor requests authority to pay all such amounts in the ordinary course of business, subject to the applicable statutory caps. In addition, the Debtor is not aware of any creditors asserting a security interest in the Debtor's cash or

Case 2:15-bk-12690-BB    Doc 4    Filed 02/25/15    Entered 02/25/15 12:01:45    Desc
 Main Document      Page 6 of 11

accounts.

### A. This Court Has Authority Pursuant to Sections 105(a), 507(a)(4), 507(a)(5) and 363(b)(1) of the Bankruptcy Code to Grant the Relief Requested

Section 105(a) of the Bankruptcy Code empowers the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). As a general rule, however, the bankruptcy court may not use its section 105(a) powers to authorize an action that would be inconsistent with or prohibited by another provision of the Bankruptcy Code. *See Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206 (1988). In other words, section 105(a) must be used in combination with another provision of the Bankruptcy Code.

In this case, the coupling provisions are Bankruptcy Code section 507(a)(4)(A) and 507(a)(5) which grant priority status to employee claims for wages, salaries, or commissions, including vacation, severance, and sick leave pay, and contributions to certain employee benefit plans earned within 180 days before the Petition Date up to the amount of $12,475.00 per Employee.

Where business exigencies require, courts have exercised their equitable powers under Bankruptcy Code section 105(a) to authorize debtors to pay prepetition employee wage and benefit claims that would be entitled to priority pursuant to Bankruptcy Code sections 507(a)(4) and (5). *See, e.g., In re CEI Roofing, Inc.,* 315 B.R. 50, 60 (Bankr. N.D. Tex. 2004) ("Thus, there has evolved a rule for the payment of prepetition wages and benefits which is based on both common sense and the express provisions of the Bankruptcy Code. If employees are not paid, they will leave. If they leave the Debtors' business, the bankruptcy case fails shortly after the filing. No one will benefit from the process."); *In re Gulf Air, Inc.*, 112 B.R. 152, 153 (Bankr. W.D. La. 1989) (endorsing the Debtors' payment of prepetition employee wage claims because "retention of skills, organization and reputation for performance must be considered valuable assets contributing to going concern value and aiding rehabilitation where that is possible."). In this district, courts have routinely granted such relief. *See, e.g.*, *In re American Suzuki*

*Motor Corp.*, 8:12-bk-22808-SC (Bankr. C.D. Cal. 2012), Nov. 7, 2012 [Docket No. 67]; *In re Gordian Medical, Inc.*, 8:12-12399-MW, (Bankr. C.D. Cal 2012), Mar. 5, 2012 [Docket No. 57], *In re Ocean Park Hotels – Toy, LLC, et. al.*, 1:10-bk-15358 GM, (Bankr. C.D. Cal, 2010) May 11, 2010, *Order Authorizing the Debtors to Honor and Pay Prepetition Workforce Obligations; Order (I) Authorizing, but Not Requiring, Debtors to Pay Prepetition (A) Wages, Salaries, and Other Compensation, (B) Employee Medical, Workers' Compensation and Similar Benefits, and (C) Reimbursable Employee Expenses; and (II) Authorizing Debtors to Reissue Checks or Electronic Transfer Requests Relating to the Foregoing*; [Docket No. 25]; *In re Victor Valley Community Hospital*, 6:10-39537-CB, (Bankr. C.D. Cal. 2010) Sept. 17, 2010, *Order(1) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, Employee Benefits, and Other Compensation; (B) Remit Withholding Obligations; (C) Maintain Worker's Compensation and Benefits Programs; (D) Pay Related Administrative Obligations; and (E) Pay Reimbursable Employee Expenses; and (II) Authorizing and Directing the Applicable Bank to Pay all Checks and Electronic Payment Requests Made by the Debtors Relating to the Foregoing* [Docket No. 30].

Because Bankruptcy Code section 507(a) grants priority payment to certain employee wage and benefit claims, the payment of those claims prior to confirmation of a plan of reorganization merely represents an acceleration of the payment of those claims, which does not offend the distribution scheme of the Bankruptcy Code.

This is sometimes called the "Necessity of Payment" doctrine. As the court explained in *In re Equalnet Communications Corp.*, 258 B.R. 368 (Bankr. S.D. Tex. 2000):

> [C]ertain types of claim enjoy a priority status in addition to sometimes being critical to the ongoing nature of the business. For example, employee wage claims and certain tax claims are both priority claims in whole or in part. The need to pay those claims in the ordinary course of business time frame is simple common sense. Employees are more likely to stay in place and

refrain from actions that are detrimental to the case and/or the estate if their pay and benefits remain intact and uninterrupted.

*Id.* at 370.

The present case falls directly within this rationale because the Debtor's employees are so critical to its operations and the nature of the Debtor's business requires uninterrupted business operations.

### B. Maintaining the Employee Benefits Is Within the Debtors' Business Judgment

The Debtor also requests authority to continue their employee benefits programs postpetition. As a debtor in possession, these programs operate in the ordinary course of business. *See In re All Seasons Industries, Inc.*, 121 B.R. 822, 825-26 (Bankr. N.D. Ind. 1990); *In re Pac. Forest Indus., Inc.*, 95 B.R. 740, 743 (Bank. C.D. Cal. 1989) ("Employees do not need court permissions to be paid and are usually paid as a part of the ongoing operation of the business."). In an abundance of caution, however, the Debtor seeks authority to continue them.

### C. Necessity for Immediate Relief and Effectiveness of Order

Bankruptcy Rule 6003 provides that "[e]xcept to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the petition, grant . . . (b) a motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition . . . ." For the reasons discussed above, it would cause immediate and irreparable harm to the Debtor if it cannot pay its employees on Friday, February 27, 2015. Accordingly, the interim relief requested herein is consistent with Bankruptcy Rule 6003.

Further, to implement the foregoing successfully, the Debtor seeks a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h), to the extent these rules are applicable.

## V. NOTICE

The Debtor will serve the Motion, this *Memorandum of Points and Authorities*, and the Delawalla Declaration on (a) the Office of the United States Trustee, (b) the twenty largest creditors; and (c) the parties that file with the Court requests for notice of all matters in accordance with Bankruptcy Rule 2002. To the extent necessary, the Debtor requests that the Court waive compliance with Local Bankruptcy Rule 9075-1 and approve service (in addition to the means of service set forth in such Local Bankruptcy Rule) by overnight or electronic delivery.

Counsel for the Debtor provided telephonic notice to these parties of the hearing on the Motion.

## VI. CONCLUSION

For the reasons stated above, the Debtor requests that the Motion be granted.

DATED: February 25, 2015         LESNICK PRINCE & PAPPAS LLP

By:   /s/ Matthew A. Lesnick
        Matthew A. Lesnick
        Proposed Counsel for Debtor and Debtor
        in Possession Net Data Centers, Inc.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

185 Pier Avenue, Suite 103, Los Angeles, California 90405

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF EMERGENCY MOTION AND EMERGENCY MOTION FOR ORDER AUTHORIZING DEBTORS TO PAY PREPETITION WAGES, SALARIES, NONINSIDER BONUSES AND OTHER COMPENSATION AND BENEFITS AND TO CONTINUE EMPLOYEE BENEFIT PROGRAMS;**
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) February 24, 2015, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **William F Govier**   wgovier@lesnickprince.com, tmims@lesnickprince.com
- **Ron Maroko**   ron.maroko@usdoj.gov
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) February 24, 2015, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA HAND DELIVERY:**
Hon. Sheri Bluebond
United States Bankruptcy Court
255 E. Temple St., Suite 1482
Los Angeles, CA  90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 24, 2015 | Matthew A. Lesnick | /s/ Matthew A. Lesnick |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**