1  MATTHEW A. LESNICK (SBN 177594)
   matt@lesnickprince.com
2  CHRISTOPHER E. PRINCE (SBN 183553)
   cprince@lesnickprince.com
3  WILLIAM F. GOVIER (SBN 262810)
   wgovier@lesnickprince.com
4  LESNICK PRINCE & PAPPAS LLP
   185 Pier Avenue, Suite 103
5  Santa Monica, CA  90405
   Telephone: (310) 396-0964
6  Facsimile:  (310) 396-0963

7  Proposed Counsel for Debtor and Debtor in
   Possession Net Data Centers, Inc.
8

9

10              UNITED STATES BANKRUPTCY COURT

11                CENTRAL DISTRICT OF CALIFORNIA

12                     LOS ANGELES DIVISION

13

| 14 | In re: | Case No. 2:15-bk-12690-BB |
|---|---|---|
| 15 | | Chapter 11 |
| 16 | NET DATA CENTERS , INC., | **EMERGENCY MOTION FOR ORDER AUTHORIZING THE DEBTOR TO HONOR CERTAIN PREPETITION OBLIGATIONS FOR THE BENEFIT OF ITS CUSTOMERS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF PERVEZ P. DELAWALLA** |
| 17 | | |
| 18 | Debtor and Debtor in Possession. | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | Hearing: |
| 23 | | Date: March 3, 2015<br>Time: 10:00 a.m.<br>Place: Courtroom 1475 |
| 24 | | Roybal Federal Building<br>255 E. Temple Street<br>Los Angeles, CA 90012 |
| 25 | | |
| 26 | | |

27  **TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE**

28  **UNITED STATES TRUSTEE, THE 20 LARGEST UNSECURED CREDITORS, AND**

**PARTIES REQUESTING SPECIAL NOTICE:**

PLEASE TAKE NOTICE that at the above-referenced date and time, or as soon thereafter as the matter may be heard, the Court will conduct a hearing on the motion of Net Data Centers, Inc., the debtor and debtor in possession (the "Debtor"), for entry of an order, pursuant to Bankruptcy Code §§ 105(a), 363(b), 507(a), 1107(a) and 1108 authorizing, but not directing, the Debtor to honor and perform, in its sole discretion, prepetition obligations related to the prepayment of services by certain customers (the "Prepayment Obligations").

The Debtor files this Motion out of an abundance of caution, and primarily for purposes of full disclosure of its business to the Court, creditors and other parties in interest. Specifically, the Debtor requests authority to continue to provide ordinary course of business postpetition services to 11 customers that pre-paid for services before the bankruptcy case was filed. These customers pre-paid a total of $2,533,488.97 for services pursuant to contracts that range in length from 3 months to 1 year. The service contracts expire at various times, ranging from March 31, 2015 through February 28, 2016. There is currently a balance remaining (i.e., the retail price to the customers of the services yet to be provided) with respect to these contracts of $1,032,647.84.

PLEASE TAKE FURTHER NOTICE that the Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, and the previously filed Declaration of Pervez P. Delawalla in Support of Emergency First Day Motions [Docket No. 6], and other such evidence and argument as the Court may consider at or before the hearing on this Motion.

PLEASE TAKE FURTHER NOTICE that the Debtor has requested that this Motion be heard on an emergency basis to permit the Debtor to continue conducting its business with as little disruption as possible, and the Court has agreed to hear the Motion on an expedited basis.

PLEASE TAKE FURTHER NOTICE that the Motion is based on this Notice and Motion, the attached Memorandum of Points and Authorities, the previously filed Declaration of Pervez P. Delawalla in Support of Emergency First Day Motions [Docket No. 6], and other such evidence and argument as the Court may consider.

**PLEASE TAKE FURTHER NOTICE that pursuant to the instructions of the Court, any opposition or other response to the Motion must be made in writing and filed with the Court and served on proposed counsel for the Debtor, the Office of the United States Trustee and any party requesting special notice no later than March 2, 2015 at 12:00 p.m.  Any replies to such opposition may be made at the scheduled hearing.  Failure to timely object may be deemed by the Court to constitute consent to the relief requested.**

DATED: February 27, 2015

LESNICK PRINCE & PAPPAS LLP

By: ___/s/ Matthew A. Lesnick___
    Matthew A. Lesnick
    Proposed Counsel for Debtor and Debtor
    in Possession Net Data Centers, Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Net Data Centers, Inc. (the "Debtor") seeks an Order, pursuant to Bankruptcy Code §§ 105(a), 363(b), 507(a), 1107(a) and 1108 authorizing, but not directing, the Debtor to honor and perform, in its sole discretion, prepetition obligations related to the prepayment of services by certain customers (the "Prepayment Obligations").

The Debtor files this Motion out of an abundance of caution, and primarily for purposes of full disclosure of its business to the Court, creditors and other parties in interest. Specifically, the Debtor requests authority to continue to provide ordinary course of business postpetition services to 11 customers that pre-paid for services before the bankruptcy case was filed.

## II.  JURISDICTION AND VENUE

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.  GENERAL BACKGROUND

On February 23, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues to operate and manage its affairs as Debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or committee has been appointed. Detailed background about the Debtor's history, business operations and reasons for filing bankruptcy are contained in the previously filed Declaration of Pervez P. Delawalla [Docket No. 6]

## IV.     RELIEF REQUESTED

By this Motion, the Debtor seeks entry of an order authorizing, but not directing, the Debtor to honor and perform, in its sole discretion, prepetition obligations related to the prepayment of services by customers (the "Prepayment Obligations").

Most of the Debtor's customers are invoiced for services on a monthly basis shortly before those services are provided. (Attached Delawalla Decl. ¶ 2.) Some customers, however, prepay for services for longer periods. (*Id.*)

Currently, the Debtor has 11 customers that have pre-paid a total of $2,533,488.97 for services pursuant to contracts that range in length from 3 months to 1 year. (*Id.*) The service contracts expire at various times, ranging from March 31, 2015 through February 28, 2016. (*Id.*) There is currently a balance remaining (i.e., the retail price to the customers of the services yet to be provided) with respect to these contracts of $1,032,647.84. (*Id.*)

Failure to honor prepetition prepayments, i.e., to require those customers to pay for services they have already paid for, would poison the Company's relationship with its customers and make it highly unlikely that they would renew their contracts, and could damage the Debtor's reputation in the industry, making it difficult for the Debtor to obtain new customers. (*Id.*)

Meanwhile, the marginal costs to the Debtor of providing these services is not great. The Debtor will not be required to provide any installation services or new equipment or other capital outlay. The only meaningful marginal increase in cost to the Debtor would be the slight difference in the Debtor's power consumption associated with the electricity used by these customers' servers and any additional power that may be needed to run the HVAC systems due to any marginal increase in temperatures caused by these customers' servers. Unfortunately, it is extremely difficult, if not impossible, to accurately predict these numbers. (*Id.* ¶ 3.)

## V.   ARGUMENT

### A.   Honoring Customer Commitments Falls Within the Ordinary Course of Business

The Bankruptcy Code contemplates that a debtor in possession will generally continue to operate in the ordinary course of business.  Unless the Bankruptcy Court orders otherwise, section 1108 of the Bankruptcy Code authorizes a debtor in possession to "operate the debtor's business," and section 363 states that "[i]f the business of the debtor is authorized to be operated under section . . . 1108 . . . and unless the court orders otherwise, the [debtor in possession] may enter into transactions . . . in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice and a hearing." 11 U.S.C. § 363(c)(1).

As the Ninth Circuit recognized:

> The touchstone of "ordinariness" is . . . the interested parties' reasonable expectations of what transactions the debtor in possession is likely to enter in the course of its business. So long as the transactions conducted are consistent with these expectations, creditors have no right to notice and hearing . . . .

*Burlington N. R.R. Co. v. Dant & Russell, Inc. (In re Dant & Russell, Inc.)*, 853 F.2d 700, 705 (9th Cir. 1988) (citation omitted).

### B.   Honoring Prepetition Customer Obligations Is Authorized Under § 105(a).

Although the Debtor believes the Prepayment Obligations may be honored in the ordinary course of business, out of an abundance of caution, the Debtor is requesting the Court to use its broad equitable authority under section 105(a) – to effectuate the intent of section 363 – to approve the relief requested in this Motion. Pursuant to section 105(a), "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  In *United States v. Energy Resources*, 495 U.S. 545, 549 (1990), the Supreme Court held

3

that section 105(a) confers broad powers that are consistent with the "traditional understanding" that bankruptcy courts are courts of equity. "While Section 105(a) endows bankruptcy courts with broad equitable powers, Section 105(a) may be exercised only in a manner not inconsistent with the provisions of the Code." *Gurney v. State of Arizona Dept. of Revenue (In re Gurney)*, 192 B.R. 529, 537 (9th Cir. BAP 1996); *see also In re Mercado*, 124 B.R. 799, 802 (Bankr. C.D. Cal. 1991) ("*Energy Resources*, therefore, stands for the following principles: (1) the bankruptcy court has broad equitable power to resolve debtor/creditor matters; (2) its equitable power is limited by specific provisions in the Bankruptcy Code and other federal laws that should be considered before exercising this power; and (3) absent specific conflicts in the Bankruptcy Code and federal law, a debtor has broad discretion to deal with its creditors through the plan process, provided its actions are necessary for a successful reorganization, and the bankruptcy court has the equitable power to approve such plans.").

Some courts view section 363, as well as other provisions of the Bankruptcy Code, as a bridge to section 105(a), which may then authorize the payment of certain prepetition claims; whereas other courts have interpreted section 105(a) to provide independent statutory authority for the payment of such claims. Both strands of analysis generally reason that section 105 can be used to further the policy provisions of chapter 11, including (i) "to permit the successful rehabilitation of Debtor," *National Labor Relations Bd. v. Bildisco & Bildisco*, 465 U.S. 513, 527 (1984), and (ii) to "preserv[e] going concerns and maximiz[e] property available to satisfy creditors," *Bank of Am. Nat'l Trust & Sav. Ass'n v. 203 N. La Salle St. P'ship*, 526 U.S. 434, 453 (1999). Thus, section 105(a) empowers the Bankruptcy Court to authorize payment of prepetition claims when such payments are essential to ensure the survival of the debtor pending its restructuring and to maximize the estate's assets available to satisfy creditors. Here, the Debtor is not asking the Court to authorize any cash payments to the pre-paid customers. The Debtor is merely asking for authority to continue providing ordinary course of business services

to these pre-paid customers because the theoretical increase in the Debtor's power consumption as a result of these customers will cause a marginal increase in the Debtor's postpetition business expenses.

In some instances, courts have labeled their equitable power to satisfy prepetition claims under section 105(a) the "necessity of payment" doctrine. *See, e.g., Ionosphere Clubs, Inc.*, 98 B.R. at 175-76 (citing *Miltenberger v. Logansport, C. & S. W. R. Co.*, 106 U.S. 286 (1882)). Although the Ninth Circuit Court of Appeals refused to extend the "necessity of payment" doctrine beyond railroad reorganization cases in *B&W Enters, Inc. v. Goodman Oil Co. (In re B&W Enters., Inc.)*, 713 F.2d 534 (9th Cir. 1983),[4] subsequent Ninth Circuit decisions have acknowledged that payment of prepetition claims is appropriate in certain circumstances. For instance, in *Burchinal v. Central Washington Bank (In re Adams Apple, Inc.)*, the Ninth Circuit acknowledged the importance of paying certain prepetition claims, even when the claimants are provided an advantage over other creditors:

> [A] "fundamental tenet" – rehabilitation of Debtor . . . may supersede the policy of equal treatment. Cases have permitted unequal treatment of pre-petition debts when necessary for rehabilitation, in such contexts as (i) pre-petition wages to key employees; (ii) hospital malpractice premiums incurred prior to filing; (iii) debts to providers of unique and irreplaceable supplies; and (iv) peripheral benefits under labor contracts.

829 F.2d 1484, 1490 (9th Cir. 1987) (citation omitted). Similarly, other courts have acknowledged the appropriateness of allowing payment of certain prepetition claims. As one bankruptcy court observed:

> This Court has previously noted that the payment of prepetition claims prior to confirmation of a plan in a Chapter 11 case has been proscribed by the 5th Circuit. . . . In certain cases, courts in this district have found exceptions to this general rule of nonpayment. These exceptions arise primarily out of common sense and the presence of a legal or factual inevitability of

> payment. . . . For instance, . . . certain cases involve business transactions which are at once individually minute but collectively immense and critical to the survival of the business of the debtor. Examples include the redemption of prepetition retail coupons in a consumer products case, the honoring of credit card debits, credits and chargebacks in a retail department store case or, as in the case at bar, the issuance of billing credits to retail customers in connection with prepetition telephone services and invoices. The impact of the failure to allow payment of these sorts of 'nuisance' items would be devastating to a proposed reorganization in the context of a retail market. A quick corollary is that such a failure to pay and its consequent loss of customer base would impair value of the business on either a going concern or liquidation basis. Further, the prepetition claims in some cases might be subject to offset or recoupment or both.

*In re Equalnet Commc'ns*, 258 B.R. 368, 369-70 (Bankr. S.D. Tex. 2000) (citation omitted); *see also In re Woodside Group, LLC*, Case No. 08-20682 (Bankr. C.D. Cal., Aug. 27, 2008) [Docket No. 18] (approving stipulation allowing Debtor to pay ordinary course providers of goods and services in the ordinary course of business).

The Court's authorization for the Debtor to honor its Prepayment Obligations in the ordinary course of business or pursuant to section 105(a) of the Bankruptcy Code, in conjunction with either section 363 and other sections of the Bankruptcy Code, or under the concept of the "necessity of payment" doctrine, serves as a viable and equitable means for ensuring that the Debtor can continue its operations in the ordinary course, and maximize the value of its estates for its creditors. The Debtor further submits that the cost of honoring the Prepetition Obligations will not reduce, but will enhance recoveries for creditors.

The Debtor's ongoing operations depend on the continued loyalty and patronage of the Debtor's customers, and the relief requested herein is essential to business operations and customer confidence. The failure to honor the Prepetition

Obligations will especially harm customer loyalty at a time when continued customer loyalty is especially critical.

Nothing contained in this Motion should be construed as an admission as to the validity of any claim against the Debtor, a waiver of the Debtor's rights to dispute any claim, or an approval or assumption of any agreement, contract or lease under section 365 of the Bankruptcy Code.

**C.     Necessity for Immediate Relief and Effectiveness of Order**

Bankruptcy Rule 6003 provides that "[e]xcept to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the petition, grant . . . (b) a motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition . . . ." For the reasons discussed above, if the Debtor is not able to honor its Prepayment Obligations on an uninterrupted basis, it would cause immediate and irreparable harm to the Debtor and its business operations. The Debtor will risk losing customers, and any loss of customers will directly impact the Debtor's revenue and ability to maximize value. Accordingly, the interim relief requested herein is consistent with Bankruptcy Rule 6003.

Further, to implement the foregoing successfully, the Debtor seeks a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h), to the extent these rules are applicable.

**VI.     NOTICE**

In accordance with the Court's instructions, telephonic notice of the hearing, and copies of this Motion are being provided to: (a) the Office of the United States Trustee: (b) the Debtor's 20 largest unsecured creditors; and (c) parties that have filed requests for special notice.

7

## VII. CONCLUSION

Based upon the foregoing, the Debtor respectfully requests that the Court grant this Motion and enter an Order authorizing the Debtor to honor the Prepayment Obligations.

DATED: February 27, 2015              LESNICK PRINCE & PAPPAS LLP


By:   /s/ Matthew A. Lesnick
     Matthew A. Lesnick
     Proposed Counsel for Debtor and Debtor
     in Possession Net Data Centers, Inc.

## **DECLARATION OF PERVEZ P. DELAWALLA**

I, Perez P. Delawalla, declare:

1. I am the President and Chief Executive Officer of Net Data Centers, Inc., the debtor and debtor in possession in this bankruptcy case (the "Debtor"). I am also a member of the board of directors of the Debtor and its sole shareholder. Unless otherwise stated, I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently to such facts.

2. The Debtor seeks entry of an order authorizing, but not directing, the Debtor to honor and perform, in its sole discretion, prepetition obligations related to the prepayment of services by customers (the "Prepayment Obligations"). Most of the Debtor's customers are invoiced for services on a monthly basis shortly before those services are provided. Some customers, however, prepay for services for longer periods. Currently, the Debtor has 11 customers that have pre-paid a total of $2,533,488.97 for services pursuant to contracts that range in length from 3 months to 1 year. The service contracts expire at various times, ranging from March 31, 2015 through February 28, 2016. There is currently a balance remaining (i.e., the retail price to the customers of the services yet to be provided) with respect to these contracts of $1,032,647.84. Failure to honor prepetition prepayments, i.e., to require those customers to pay for services they have already paid for, would poison the Company's relationship with its customers and make it highly unlikely that they would renew their contracts, and could damage the Debtor's reputation in the industry, making it difficult for the Debtor to obtain new customers.

3. Meanwhile, the marginal costs to the Debtor of providing these services is not great. The Debtor will not be required to provide any installation services or new equipment or other capital outlay. The only meaningful marginal increase in cost to the Debtor would be the Debtor's power consumption associated with the electricity used by these customers' servers and any additional power that may be needed to run the HVAC systems due to any marginal increase in temperatures caused by these

customers' servers. Unfortunately, it is extremely difficult, if not impossible, to accurately predict these numbers.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on February 27, 2015 at El Segundo, California.

                                            Pervez P. Delawalla

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

185 Pier Avenue, Suite 103, Los Angeles, California 90405

A true and correct copy of the foregoing document entitled (*specify*): **EMERGENCY MOTION FOR ORDER AUTHORIZING THE DEBTOR TO HONOR CERTAIN PREPETITION OBLIGATIONS FOR THE BENEFIT OF ITS CUSTOMERS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF PERVEZ P. DELAWALLA** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) February 27, 2015, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **William F Govier**    wgovier@lesnickprince.com, tmims@lesnickprince.com
- **Michael S Greger**    mgreger@allenmatkins.com
- **Brian L Holman**    b.holman@mpglaw.com
- **Matthew A Lesnick**    matt@lesnickprince.com, tmims@lesnickprince.com;matt@ecf.inforuptcy.com
- **Ron Maroko**    ron.maroko@usdoj.gov
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) February 27, 2015, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY:**
Hon. Sheri Bluebond
United States Bankruptcy Court
255 E. Temple St., Suite 1482
Los Angeles, CA  90012

**20 LARGEST UNSECURED CREDITORS**

VIA FAX AND/OR TELEPHONIC NOTICE, AS INDICATED:

- DuPont Fabros Technology; Whale Ventures, LLC; Grizzly Ventures, LLC; Lemur Properties, LLC; Fox Properties, LLC - c/o Robert L. Eisenbach, III (reisenbach@cooley.com) and telephonic notice

- Wells Fargo – Garland Building c/o Charter Holdings  - c/o Brian Holman via ECF and telephonic notice

- Realty Associates Fund IX, L.P. - neal.perkey@davispartners.com and telephonic notice

- Digital 2260 East El Segundo, LLC; GIP 7th Street, Inc.; c/o Digital Realty Trust – c/o Ivan Gold via ECF and telephonic notice

- Zayo Group LLC -  scott.beer@zayo.com and telephonic notice

- Western Equipment Finance - robin.steffan@westernequipmentfinance.com and telephonic notice

- Tel-X - legalteam@telx.com and telephonic notice

- Equinix - cgeoghan@equinix.com and telephonic notice

- TW Telecom - via fax 303-566-6044 and telephonic notice

- De Lage Landen - via fax 610-386-5840 and telephonic notice

- Stratacore, Inc. - via fax 206-456-5826 and telephonic notice

- Leaf - via telephonic notice only and telephonic notice

- Summit Funding Group Inc. - via fax 513-489-1490 and telephonic notice

- DB Transit Consulting, LLC - via telephonic notice only and telephonic notice

- Avant Communications, Inc. - info@avantcommunications.net iand telephonic notice info@avantcommunications.neto@avantcommunications.net

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 27, 2015 | Matthew A. Lesnick | /s/ Matthew A. Lesnick |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                              **F 9013-3.1.PROOF.SERVICE**