**MUSICK, PEELER & GARRETT LLP**
ATTORNEYS AT LAW
ONE WILSHIRE BOULEVARD, SUITE 2000
LOS ANGELES, CALIFORNIA 90017-3383
TELEPHONE: 213-629-7711
FACSIMILE 213-624-1376

Dan Woods (State Bar No. 78638)
 d.woods@mpglaw.com
Brian L. Holman (State Bar No. 94603)
 b.holman@mpglaw.com   b.holman@mpglaw.com

Attorneys for Charter Holdings, Inc.

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>Net Data Centers, Inc.<br><br>                Debtor. | Case No. 2:15-bk-12690-BB<br><br>Chapter 11<br><br>**MOTION FOR ORDER COMPELLING DEBTOR TO VACATE AND SURRENDER NONRESIDENTIAL REAL PROPERTY AND FOR ANCILLARY RELIEF FROM STAY; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:     August 5, 2015<br>Time:    10:00 a.m.<br>Place:   Courtroom 1475; Judge Bluebond<br>           U.S. Bankruptcy Court<br>           255 E. Temple Street, 14th Floor<br>           Los Angeles, CA 90012 |

Charter Holdings, Inc., a Nevada corporation ("Charter"), the sublandlord of data center premises (the "Premises") located at 1200 W. 7th Street, Los Angeles, California (the "Garland Building") and occupied by Debtor Net Data Centers, Inc. ("Debtor"), moves the Court for an order compelling Debtor to vacate and surrender the Premises and for ancillary relief from stay.

The motion is made on the grounds that Debtor has failed to surrender the Premises to Charter as required by Section 365(d)(4)(A) of the Bankruptcy Code law after the Debtor's Sublease of the Premises was rejected by operation of law.

953272.1                                                        1

For the reasons set forth above and in the attached Memorandum of Points and Authorities, Charter seeks the entry of an Order of the Court:

1. Directing Debtor to immediately vacate and surrender possession of the Premises to Charter;

2. Authorizing and directing the United States Marshal, on request of Charter, to enforce the Order and recover possession of the Premises on Charter's behalf; and

3. Granting Charter all relief from stay necessary for Charter to recover possession of the Premises, including evicting Debtor from the Premises, removing Debtor's remaining personal property from the Premises, and terminating the provision of utilities and services to the Premises.

DATED: July 15, 2015                    Respectfully submitted,

BRIAN L. HOLMAN
MUSICK, PEELER & GARRETT LLP


By:  /s/ Brian L. Holman

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

Charter Holdings, Inc., a Nevada corporation ("Charter"), is the sublandlord of data center premises (the "Premises") located at 1200 W. 7th Street, Los Angeles, California (the "Garland Building"). Charter initially subleased space in the Garland Building to Debtor in April 2009. The term of the sublease was for nine (9) years and ten (10) months, ending on February 28, 2019. See Declaration of Luis Rustia in Opposition to Debtor's Motion for Order Granting 90 Day Extension of Time to Assume or Reject Real Property Leases ["Rustia Declaration"], Docket No. 148, at ¶ 4.

In May 2013, Charter and Debtor entered into a First Amendment to the Sublease. On January 17, 2014, Charter and Debtor entered into a Second Amendment to the Sublease. The Sublease to Debtor, as amended, involves suites 130 and 240 in the Garland Building, a total of approximately 51,937 square feet. See generally, Rustia Declaration at ¶¶ 5 to 8.

Debtor filed for bankruptcy on February 23, 2015. On May 27, 2015, Debtor filed a Motion for an Order Granting 90 Day Extension of Time to Assume or Reject Real Property Leases pursuant to which Debtor sought a 90-day extension of time to assume or reject the Sublease. Docket No. 117. On June 15, 2015, Debtor filed an Amendment to and Reply re Motion to Extend Time to Assume or Reject Leases pursuant to which Debtor amended its motion to seek a mere 7-day extension of time, to June 30, 2015, to assume or reject the Sublease. Docket No. 166.

On June 23, 2015, the Court entered its Order Granting, in Part, and Continuing, in Part, Hearing on Motion to Extend Time to Assume or Reject Leases, pursuant to which the Court extended the time for Debtor to assume or reject the Sublease to June 30, 2015. Docket No. 178. Debtor failed to move to assume the Sublease or to obtain a further extension of time to assume or reject the Sublease on or before June 30, 2015. Debtor failed to confirm a plan of reorganization on or before June 23, 2015. As a result, under section 365(d)(4)(A) of the Bankruptcy Code, the Sublease was deemed rejected by operation of law on June 30, 2015.

Notwithstanding the rejection of the Sublease, Debtor remains in possession of the Premises and has demanded that Charter continue to provide utilities and other services to the Premises. Debtor asserts that Charter's recovery of possession of the Premises, removal of Debtor's personal property from the Premises, and termination of the provision of utilities and other services to the Premises would violate the automatic stay.

The delay and uncertainty created by Debtor's failure to surrender the Premises upon rejection of the Lease is extremely detrimental to Charter. First, Charter cannot relet the Premises to a replacement tenant until Debtor vacates the Premises. Second, Debtor has failed to pay rent for its continuing occupancy of the Premises or for the utilities provided to the Premises. Charter is attempting to sell the Garland Building, and the uncertainty created by Debtor's unauthorized continued occupancy of the Premises likely will reduce the amount a buyer would offer to pay for the Garland Building. See generally Rustia Declaration at ¶ 27.

## II.

## ARGUMENT

A.  The Sublease Has Been Rejected by Operation of Law.

Bankruptcy Code section 365(d)(4), as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, now provides:

> (A)  Subject to subparagraph (B), an unexpired lease of non-residential real property under which the debtor is the lessee shall be deemed rejected, and *the trustee shall immediately surrender that non-residential real property to the lessor, if the trustee does not assume or reject the unexpired lease* by the earlier of
> (i)  the date that is 120 days after the date of the order for relief; or
> (ii)  the date of the entry of an order confirming a plan.
> (B)  (i)  The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.
> (ii)  If the court grants an extension under clause (i), the court may grant a subsequent extension only upon prior written consent of the lessor in each instance.

(Emphasis added.)

Here, Debtor obtained an order extending the time to assume or reject the Sublease to June 30, 2013. Debtor, however, did not move to assume the Lease or obtain an order for a further extension of time to assume or reject the Sublease on or before June 30, 2015. Debtor did not

1  obtain an order confirming a Chapter 11 plan within 120 days of the petition date.  As a result,

2  Debtor's Sublease was rejected by operation of law on June 30, 2015.

3        This result follows from a straightforward application of the statute.  The Supreme Court

4  has made it clear that in interpreting a statute, a court is to "presume that a legislature says in a

5  statute what it means and means in a statute what is says." *Connecticut Nat'l Bank v. Germain,*

6  112 S.Ct. 1146, 1149, 503 U.S. 249, 253-254 (1992).  "[T]here is a strong and longstanding view

7  that the words of a statute are supreme and, if they are clear, they should be taken as fully

8  embodying what the legislature intended.  If the text is not ambiguous, that is the end of the

9  inquiry." *In re Kane*, 336 B.R. 477, 486 (Bankr. D. Nev. 2006).  "The plain meaning of

10  legislation should be conclusive, except in the 'rare cases in which the literal application of a

11  statute will produce a result demonstrably at odds with the intentions of its drafters.'" *U.S. v. Ron*

12  *Pair Enters., Inc.*, 109 S.Ct. 1026, 1031, 489 U.S. 235, 243 (1989) (Citations omitted.).  There is

13  no need to resort to legislative history to aid in interpretation if there is no ambiguity in the

14  statutory language.  See, e.g., *In re Catapult Entertainment, Inc.*, 165 F.3d 747, 753 (9th Cir.

15  1999).

16        Section 365(d)(4) is self-executing.  *In re Arizona Appetito's Stores, Inc.*, 893 F.2d 216,

17  219 (9th Cir. 1990).  ("The term 'deemed rejected' has been interpreted to mean that section

18  365(d)(4) is self-executing. That is, the rejection of a lease occurs automatically *without* the need

19  for court approval. Once statutory rejection of a lease has occurred, the rejection is conclusive.)

20  (emphasis in original, citations omitted).  As a result, the Sublease has been rejected by operation

21  of law.

22  B.   <u>This Court Can Order Immediate Surrender of The Premises</u>.

23        Under Bankruptcy Code section 365(d)(4)(A), a debtor must immediately surrender

24  possession of nonresidential real property to the lessor upon rejection of the lease.  See, e.g., *In re*

25  *LCO Enterprises*, 12 F.3d 938, 941 (9th Cir. 1993) ("If the lease is rejected, the lessor is entitled to

26  immediate possession of his property…"); *Anderson v. Elm Inn, Inc. (In re Elm Inn, Inc.),* 942

27  F.2d at 630, 633 (9th Cir. 1991) ("By operation of law, the debtor's possessory interest in the lease

28  terminated on [the date of rejection], and the lessor's right to immediate surrender of the property

**MUSICK, PEELER
& GARRETT LLP**

ATTORNEYS AT LAW

953272.1

5

simultaneously accrued."); *In re Deli Den, LLC*, 425 B.R. 725, 726-727 (Bankr. S.D. Fla. 2010*);*
*In re Ames Department Stores, Inc.*, 306 B.R. 43, 52 (Bankr. S.D.N.Y. 2004) ("[A]fter rejection, the debtor has no right to continued occupancy of the premises it occupied under the now-rejected lease.") *In re Chris-Kay Foods East, Inc.*, 118 B.R. 70, 72 (Bankr. E.D. Mich. 1990) ("A majority of courts which have addressed this question have held that § 365(d)(4) prevails over contrary state law, and that a lessor of non-residential property is therefore entitled to immediate possession."); *In re Giles Associates, Ltd.*, 92 B.R. 695, 698 (Bankr. W.D. Tex. 1988) (immediate surrender is mandatory).

Section 365(d)(4) prevails over contrary state law, and the landlord is not required to resort to state law eviction procedures. *In re Elm Inn, supra*, 942 F.2d at 634; *In re 6177 Realty Associates, Inc.*, 142 B.R. 1017, 1020 (Bankr. S.D. Fla. 1992); *In re U.S. Fax, Inc.*, 114 B.R. 70, 73 (Bankr. E.D. Pa. 1990) ("[T]he language and legislative history of section 365(d)(4) demonstrate that Congress did not intend for creditors to pursue state-law remedies and that requiring creditors to pursue such remedies would frustrate the statute's purpose.").

Because the Debtor remains in possession of the Premises, Charter is entitled to relief in the form of a surrender order. *In re Elm Inn, Inc., supra*, 942 F.2d at 633-634; *In re Sok Jun Kong*, 162 B.R. 86, 98 (Bankr. E.D.N.Y. 1993) ("[T]he plain language and purpose of section 365(d)(4), the necessarily preemptive force of the Bankruptcy Code, and the broad equitable powers of bankruptcy judges all weigh in favor of granting a surrender order to a lessor who, under the terms of the provision, clearly deserves one."); *In re U.S. Fax, Inc., supra*, 114 B.R. at 73.

Because the Sublease has been rejected and the Debtor remains is possession of the Premises, the Court should order the Debtor to immediately vacate and surrender possession of the Premises to Charter.

C.  <u>The Court Should Grant Charter Ancillary Relief from Stay</u>.

To avoid any uncertainty whether Charter's recovery of the Premises from Debtor will violate the automatic stay, the Court should grant Charter all relief from stay necessary for Charter to recover possession of the Premises, including evicting Debtor from the Premises, removing

Debtor's remaining personal property from the Premises, and terminating the provision of utilities and services to the Premises.

Section 362(d)(1) of the Bankruptcy Code provides that:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

In this case, good cause exists to grant Charter relief from stay. The Sublease has been rejected, Debtor can no longer assume the Sublease, and Charter has the absolute right to immediate possession of the Premises. In order to adequately protect Charter's right to immediate possession of the Premises, the Court should grant Charter all relief from stay necessary for Charter to recover possession of the Premises. *See Acorn Investments v. Kearny Mesa Crossroads (In re Acorn Investments)*, 8 B.R.. 506 (Bankr. S.D. Cal. 1981) ("[The] inability to assume [a lease of non-residential real [property] has already been termed adequate "cause", under Section 362(d)(1), to warrant a lifting of the stay.").

### III.

### CONCLUSION

For the reasons set forth above, the Court should enter an Order:

1. Directing Debtor to immediately vacate and surrender possession of the Premises to Charter;

2. Authorizing and directing the United States Marshal, on request of Charter, to enforce the Order and recover possession of the Premises on Charter 's behalf; and

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

953272.1

7

3.  Granting Charter all relief from stay necessary for Charter to recover possession of the Premises, including evicting Debtor from the Premises, removing Debtor's remaining personal property from the Premises, and terminating the provision of utilities and services to the Premises.

Charter reserves its claims against Debtor for rent and other charges and for damages for Debtor's post-rejection occupancy of the Premises.

DATED: July 15, 2015

Respectfully submitted,

BRIAN L. HOLMAN
MUSICK, PEELER & GARRETT LLP

By: /s/ Brian L. Holman
Brian L. Holman
Attorneys for Charter Holdings, Inc.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

Musick, Peeler & Garrett LLP, 624 South Grand Avenue, Suite 2000, Los Angeles, California 90017

A true and correct copy of the foregoing document entitled **MOTION FOR ORDER COMPELLING DEBTOR TO VACATE AND SURRENDER NONRESIDENTIAL REAL PROPERTY AND FOR ANCILLARY RELIEF FROM STAY; MEMORANDUM OF POINTS AND AUTHORITIES** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On July 15, 2015, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See attached.

☒ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL:**
On July 15, 2015, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

See attached.

☒ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on July 15, 2015, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

See attached.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 15, 2015 | Paula J. Silva | /s/ Paula J. Silva |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

953272.1

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**Attachment to**

**PROOF OF SERVICE OF DOCUMENT**

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

- **Paul A Beck**   pab@pablaw.org
- **Ronald K Brown**   rkbgwhw@aol.com
- **Susan S Davis**   sdavis@coxcastle.com
- **Robert L Eisenbach**   reisenbach@cooley.com
- **William F Govier**   wgovier@taboadarochlin.com
- **Michael S Greger**   mgreger@allenmatkins.com
- **Brian T Harvey**   bharvey@buchalter.com, IFS_filing@buchalter.com;dbodkin@buchalter.com
- **Lesley A Hawes**   lesley.hawes@dentons.com, chris.omeara@dentons.com
- **Brian L Holman**   b.holman@mpglaw.com
- **Andy Kong**   Kong.Andy@ArentFox.com
- **Lewis R Landau**   Lew@Landaunet.com
- **Matthew A Lesnick**   matt@lesnickprince.com, tmims@lesnickprince.com;matt@ecf.inforuptcy.com
- **Ron Maroko**   ron.maroko@usdoj.gov
- **Carl Mueller**   cmueller@maloneyfirm.com, llarios@maloneyfirm.com
- **Jessica G Peterson**   jpeterson@djplaw.com, khughes@djplaw.com
- **Daren M Schlecter**   daren@schlecterlaw.com, assistant@schlecterlaw.com
- **Steven M Spector**   sspector@buchalter.com, IFS_efiling@buchalter.com;salarcon@buchalter.com
- **Wayne R Terry**   wterry@hemar-rousso.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov

**II. SERVED BY UNITED STATES MAIL**:

**Judge (U.S. Mail)**
Hon. Sheri Bluebond
U.S. Bankruptcy Court
255 E. Temple Street, Suite 1482
Los Angeles, CA 90012

**Debtor**
Net Data Centers, Inc.
898 Sepulveda Blvd.
El Segundo, CA 90245

**III. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):

None

953272.1

10