**Paul A. Beck** (SBN 79760)
**Lewis R. Landau** (SBN 143391)
*lew@landaunet.com*
**Law Offices of Paul A. Beck, APC**
13701 Riverside Drive, Suite 701
Sherman Oaks, California 91423
Tel: (818) 501-1141; Fax: (818) 501-1241

Attorneys for Debtor and Debtor in Possession
Net Data Centers, Inc.

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No.: 2:15-bk-12690-BB |
| Net Data Centers, Inc., | Chapter 11 |
| Debtor. | **OPPOSITION TO MOTION PURSUANT TO LBR 9013-1(m) TO CONTINUE HEARING ON AMENDED MOTION; CONDITIONAL REQUEST FOR HEARING THEREON** |
| | Date: September 10, 2015
Time: 10:00 a.m.
Place: Courtroom 1475; Judge Bluebond
U.S. Bankruptcy Court
255 E. Temple Street, 14th Floor
Los Angeles, CA 90012 |

Net Data Centers, Inc. ("Debtor"), Debtor in Possession in the within Chapter 11 case, herein opposes the Motion Pursuant to Local Bankruptcy Rule 9013-1(m) to Continue Hearing etc. [ECF # 243] filed by Garland Connect, LLC ("GC") directed at Debtor's motion for an order approving an agreement with Charter Holdings, Inc. ("Charter") [ECF # 227]. Debtor's opposition is contained in the following memorandum of points and authorities. To the extent not denied, Debtor requests a hearing on GC's motion. For all these, reason, the Court should deny the requested continuance.

///

///

-1-

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## THE CONTINUANCE MOTION IS BASED ON FALSE AND UNSUBSTANTIATED ALLEGATIONS AND IS PROCEDURALLY FLAWED

### 1. Introduction

Garland Connect, LLC moves for a minimum 30-day continuance of time sensitive and important proceedings within the Debtor's case. The Court may recall that Debtor occupies the Garland Building owned by Charter Holdings, Inc. ("Charter") as a holdover tenant after Debtor rejected its Charter lease effective July 1, 2015. Charter moved for relief from stay and an order requiring that Debtor surrender the facility. The Court was prepared to issue a surrender order pursuant to its August 5, 2015 tentative ruling. *See*, Exhibit 1. The Debtor presently occupies the Garland Building based on agreements with Charter, that are subject to Court approval, that provide for an orderly transition out of the facility and for Debtor to realize at least $500,000 in value from the assignment of its personal property. Effectuating an orderly transition is critical to maintaining the valuable customer relationships that support the transactions.

GC's motion to continue the September 10, 2015 hearing on Debtor's motion should be denied for the reasons stated herein or considered in context at the September 10, 2015 hearing. Debtor requests a hearing on GC's motion concurrently with the proceedings requested to be set on September 10, 2015 at 10:00 a.m.

### 2. The Continuance Motion is Based on False and Unsubstantiated Allegations.

Against the urgency of Debtor requiring approval of its Charter agreement, GC seeks a minimum 30-day continuance based on false pretenses and non-compliance with local rule requirements as follows:

*1.* *Any service issue was expressly waived.* GC's lead argument for a continuance is that it "was never served" with the moving papers. Motion 2:15. GC does not hold a claim against the Debtor and is therefore not on Debtor's creditor mailing lists. However, GC admits receiving the moving papers on August 23, 2015 (3 days after filing on August 20, 3015) and GC *expressly waived any service defect* in its exchanges with the Debtor.

Attached hereto as Exhibit 2 are email exchanges among counsel whereby Debtor's counsel immediately provided GC with an extension of time to respond to August 31, 2015 thereby giving GC more than the 7-day response period that all creditors receive on an ordinary motion.  ***GC agreed that the extension waived the alleged service defect.***  In fact, Debtor provided GC with an additional day to respond to September 1, 2015 based on continuing discussions. Consequently, GC's lead argument that it "was never served" is a false assertion.  GC accepted service by agreement of counsel.

   2.   *The primary intent of the Motion is to approve the Charter agreement.*  Next, GC argues that "it is clear (and it has been confirmed by Debtor's counsel) that the primary intent of the Assignment Motion is to detrimentally affect the rights of Garland Connect under its contracts with Debtor." Motion 2-3.  This argument is utter nonsense.  The primary intent of the Assignment Motion is for the Debtor to gain approval of its transaction with Charter so that it can: (1) receive free rent for July and August valued at a minimum of $500,000; (2) assign its personal property to Charter; and (3) transition customers to ColoNet Solutions, LLC to maintain customer service and goodwill.  At no time did Debtor's counsel ever "confirm" that the primary intent of the Assignment Motion is to detrimentally impact GC and the allegation is completely unfounded. Noteworthy is the fact that this allegation only appears in GC's motion with no mention of it in the Declaration of Alan Feld.  Moreover, the Assignment Motion does not seek approval for the Debtor to alter or amend GC's rights under its contracts with the Debtor in any way; it merely seeks approval for the Debtor to assign those contracts to ColoNet Solutions, LLC.

   3.   *GC fails to identify any legitimate discovery requirement.*  While GC claims it "needs discovery" it does not identify any legitimate issue upon which such discovery is required. The allegation is nothing more than an unspecified delay tactic.

   4.   *Sheppard Mullin employs 700 attorneys.*  Finally, GC argues that its primary outside counsel has a "scheduling conflict."  Based on this "scheduling conflict," GC demands a minimum 30-day continuance.  Per Sheppard Mullin's website, the firm employs 700 attorneys. See, Exhibit 3.  Since a continuance has substantive impact on Debtor's ability to close its

-3-

transaction with Charter, GC should first seek to assign an alternate counsel to the case from among its 700 attorneys before demanding a minimum 30-day continuance.

### 3. The Motion is Procedurally Flawed.

In addition to being based on false and unsubstantiated allegations, GC's motion is procedurally flawed.  Pursuant to Local Bankruptcy Rule 9013-1(m), a motion to continue must be served on all parties on whom the original motion was served.  Herein, the original motion was served on 63 creditors listed on Debtor's creditor lists.  *See*, ECF # 227.  GC's proof of service reflects no such service on parties in interest.  The continuance motion is therefore procedurally flawed and should be denied.  At most, the motion should be set for hearing and considered at the September 10, 2015 hearing whereat the parties can address the substantive impact of the requested continuance.

## II.

## CONCLUSION

*Wherefore*, the Debtor respectfully requests Court deny GC's continuance motion and for such other and further relief as the Court deems just and proper under the circumstances.

Dated:  August 28, 2015                              **Law Offices of Paul A. Beck**
                                                     **A Professional Corporation**


                                                     By */s/ Lewis R. Landau*
                                                     Paul A. Beck
                                                     Lewis R. Landau
                                                     Attorneys for Debtor

## DECLARATION OF LEWIS R. LANDAU

I, Lewis R. Landau, do hereby declare:

1. I am an attorney duly admitted to practice law in the State of California and before the United States District Court for the Central District of California. I am an attorney of record to Net Data Centers, Inc. ("Debtor") in Debtor's chapter 11 bankruptcy case. I offer this declaration in response to the allegations contained in the Motion Pursuant to Local Bankruptcy Rule 9013-1(m) to Continue Hearing etc. [ECF # 243] filed by Garland Connect, LLC ("GC")

2. Attached to my declaration as Exhibit 1 is a true and correct copy of the Court's August 5, 2015 tentative ruling on Charter Holdings, Inc.'s ("Charter") motion to compel surrender and for relief from stay.

3. GC's lead argument for a continuance is that it "was never served" with the moving papers. GC does not hold a claim against the Debtor and is therefore not on Debtor's creditor mailing lists. However, GC admits receiving the moving papers on August 23, 2015 (3 days after filing on August 20, 3015) and GC expressly waived any service defect in its exchanges with me.

4. Attached hereto as Exhibit 2 are true and correct copies of email exchanges among counsel for GC and me whereby I immediately provided GC with an extension of time to respond to August 31, 2015 thereby giving GC more than the 7-day response period that all creditors receive on an ordinary motion. ***GC agreed that the extension waived the alleged service defect.*** In fact, I provided GC with an additional day to respond to September 1, 2015 based on continuing discussions. Consequently, GC's lead argument that it "was never served" is a false assertion. GC accepted service by agreement of counsel.

5. Next, GC argues that "it is clear (and it has been confirmed by Debtor's counsel) that the primary intent of the Assignment Motion is to detrimentally affect the rights of Garland Connect under its contracts with Debtor." This argument is utter nonsense and I never confirmed any such matter. The primary intent of the Assignment Motion is for the Debtor to gain approval of its transaction with Charter so that it can: (1) receive free rent for July and August valued at a minimum of $500,000; (2) assign its personal property to Charter; and (3) transition customers to ColoNet Solutions, LLC to maintain customer service and goodwill. At no time did I ever

-5-

1 | "confirm" that the primary intent of the Assignment Motion is to detrimentally impact GC and the
2 | allegation is completely unfounded.
3 |     6.    Attached to my declaration as Exhibit 3 is a true and correct of the web page for
4 | Sheppard Mullin Richter & Hampton confirming the firm employs 700 attorneys.
5 |     I declare under penalty of perjury under the laws of the United States of America that the
6 | foregoing is true and correct to the best of my knowledge and belief.
7 |     Executed this 28th day of August, 2015 at Calabasas, California.

*/s/ Lewis R. Landau*
Lewis R. Landau

# EXHIBIT 1

# United States Bankruptcy Court
# Central District of California
## Los Angeles
## Chief Judge Sheri Bluebond, Presiding
## Courtroom 1475 Calendar

**Wednesday, August 05, 2015**            **Hearing Room    1475**

**10:00 AM**
**2:15-12690**    **Net Data Centers, Inc.**        **Chapter 11**

   **#6.00**   Motion for Order Compelling Debtor to Vacate and Surrender Nonresidential Real Property and for Ancillary Relief from Stay

          Docket     205

**Courtroom Deputy:**

   - NONE LISTED -

**Tentative Ruling:**

   Grant motion.  When a lease is rejected, the debtor is supposed to immediately surrender possession.  If the debtor needed more time to transition or move, it should not have requested only a 7-day extension of the time to assume or reject.

| Party Information |
|---|

**Debtor(s):**

   Net Data Centers, Inc.                  Represented By
                                                                   William F Govier
                                                                   Paul A Beck
                                                                   Lewis R Landau

**Movant(s):**

   Charter Holdings, Inc.                  Represented By
                                                                   Brian L Holman

# EXHIBIT 2

## Lewis R. Landau

**From:** Lewis R. Landau
**Sent:** Tuesday, August 25, 2015 12:32 PM
**To:** 'Alan Feld' <AFeld@sheppardmullin.com>
**Cc:** Holman, Brian <B.Holman@MPGLAW.com>; Pamela Westhoff <PWesthoff@sheppardmullin.com>
**Subject:** RE: GARLAND CONNECT/Net Data Centers, Inc./Charter/Garland Connect

Alan:

Great; glad we solved that problem. To confirm, we'll adjust the briefing schedule such that your opposition is due 8/31 with my reply remaining due 9/3 and your client accepts service and waives any alleged service defect on the Charter motion noticed for 9/10. If you want a stip, I'm glad to do one. Your call.

I'm generally available after 3:30 today on a half hours' notice. By cc to Brian, he should circulate a time that works for him. Same call info:

Dial-in Number:  (605) 562-0020
Meeting ID:      396-810-787

Lewis R. Landau
Attorney at Law
Voice & Fax: (888)822-4340
Lew@Landaunet.com

---

**From:** Alan Feld [mailto:AFeld@sheppardmullin.com]
**Sent:** Tuesday, August 25, 2015 11:50 AM
**To:** Lewis R. Landau <lew@landaunet.com>
**Cc:** Holman, Brian <B.Holman@MPGLAW.com>; Pamela Westhoff <PWesthoff@sheppardmullin.com>
**Subject:** GARLAND CONNECT/Net Data Centers, Inc./Charter/Garland Connect

Lew: We can live with this. Can we schedule a call for this afternoon at either 3:30 or 4 pm? Thanks,

Alan

Alan M. Feld
213.617.4133 | direct
213.443.2791 | direct fax
AFeld@sheppardmullin.com | Bio

**SheppardMullin**
Sheppard Mullin Richter & Hampton LLP
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071-1422
213.620.1780 | main
www.sheppardmullin.com

1

**From:** Lewis R. Landau [mailto:lew@landaunet.com]
**Sent:** Monday, August 24, 2015 11:22 PM
**To:** Alan Feld
**Cc:** Holman, Brian
**Subject:** GARLAND CONNECT/Net Data Centers, Inc./Charter/Garland Connect

Alan:

That's an easy fix.  How about we take all of your additional time to respond out of my reply, such that the reply is due the same day under the current briefing schedule?  I'm happy to receive your brief on Monday and still hold the reply deadline to Thursday September 3.  Just like that, all the "implications" fall on me, which I am happy to shoulder.  Have we now solved this procedural conundrum so that we can see how well it goes on substance?

Thank you,

Lew

Lewis R. Landau
Attorney at Law
Voice & Fax: (888)822-4340
Lew@Landaunet.com

2

**Lewis R. Landau**

From: Lewis R. Landau
Sent: Tuesday, August 25, 2015 4:40 PM
To: 'Alan Feld' <AFeld@sheppardmullin.com>
Cc: 'Holman, Brian' <B.Holman@MPGLAW.com>; 'Pamela Westhoff' <PWesthoff@sheppardmullin.com>
Subject: RE: GARLAND CONNECT/Net Data Centers, Inc./Charter/Garland Connect

Alan:

Per our call, the 8/31 date in my email below is changed to 9/1.  All other remains the same.

Thanks,

Lew

Lewis R. Landau
Attorney at Law
Voice & Fax: (888)822-4340
Lew@Landaunet.com

From: Lewis R. Landau
Sent: Tuesday, August 25, 2015 12:32 PM
To: 'Alan Feld' <AFeld@sheppardmullin.com>
Cc: Holman, Brian <B.Holman@MPGLAW.com>; Pamela Westhoff <PWesthoff@sheppardmullin.com>
Subject: RE: GARLAND CONNECT/Net Data Centers, Inc./Charter/Garland Connect

Alan:

Great; glad we solved that problem.  To confirm, we'll adjust the briefing schedule such that your opposition is due 8/31 with my reply remaining due 9/3 and your client accepts service and waives any alleged service defect on the Charter motion noticed for 9/10.  If you want a stip, I'm glad to do one.  Your call.

I'm generally available after 3:30 today on a half hours' notice.  By cc to Brian, he should circulate a time that works for him.  Same call info:

Dial-in Number:  (605) 562-0020
Meeting ID:      396-810-787

Lewis R. Landau
Attorney at Law
Voice & Fax: (888)822-4340
Lew@Landaunet.com

1

# EXHIBIT 3



# Firm Facts

Sheppard Mullin is a full service Global 100 firm handling corporate and technology matters, high stakes litigation and complex financial transactions. From our 15 offices in North America, Europe and Asia, we offer global solutions to our clients around the world, providing seamless representation in multiple jurisdictions.

- Founded: 1927
- Number of Attorneys: 700

# Key Personnel

## Management Team

| TITLE | NAME |
| --- | --- |
| Chairman | Guy Halgren |
| Vice Chairman | Jon Newby |
| Managing Partner | Robert Beall |
| General Counsel | D. Ronald Ryland |
| Chief Operating Officer | Ted Tinson |

## Practice Group Leaders

| PRACTICE GROUP | LEADER |
| --- | --- |

**14**

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

13701 Riverside Drive, Suite 701
Sherman Oaks, California 91423

A true and correct copy of the foregoing document entitled (*specify*): _____
OPPOSITION TO MOTION PURSUANT TO LBR 9013-1(m) TO CONTINUE HEARING ON AMENDED MOTION;
CONDITIONAL REQUEST FOR HEARING THEREON
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 08/28/2015_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 08/28/2015_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Judge Bluebond, US Bankruptcy Court, 255 E. Temple Street, Suite 1482, Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 08/28/2015 | Lewis R. Landau | /s/ Lewis R. Landau |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

| In re: Net Data Centers, Inc. | CHAPTER: 11 |
|---|---|
| Debtor(s). | CASE NUMBER: 2:15-bk-12690-BB |

**ADDITIONAL SERVICE INFORMATION (if needed):**

NEF Service List (category I):

Paul A Beck on behalf of Debtor Net Data Centers, Inc. pab@pablaw.org
Paul A Beck on behalf of Plaintiff Net Data Centers, Inc. pab@pablaw.org
Ronald K Brown on behalf of Creditor The Realty Associates Fund IX, L.P. rkbgwhw@aol.com
Susan S Davis on behalf of Creditor Avanz Technologies, LLC sdavis@coxcastle.com
Susan S Davis on behalf of Creditor Chad Long sdavis@coxcastle.com
Robert L Eisenbach, III on behalf of Creditor DuPont Fabros Technology, L.P. reisenbach@cooley.com
Robert L Eisenbach, III on behalf of Creditor Fox Properties LLC reisenbach@cooley.com
Robert L Eisenbach, III on behalf of Creditor Grizzly Ventures LLC reisenbach@cooley.com
Robert L Eisenbach, III on behalf of Creditor Lemur Properties LLC reisenbach@cooley.com
Robert L Eisenbach, III on behalf of Creditor Whale Ventures LLC reisenbach@cooley.com
Alan M Feld on behalf of Interested Party Garland Connect LLC afeld@sheppardmullin.com, ysantos@sheppardmullin.com
William F Govier on behalf of Debtor Net Data Centers, Inc. wgovier@taboadarochlin.com
Michael S Greger on behalf of Creditor Digital 2260 East El Segundo, LLC mgreger@allenmatkins.com
Michael S Greger on behalf of Creditor GIP 7th Street, LLC mgreger@allenmatkins.com
Michael S Greger on behalf of Interested Party Courtesy NEF mgreger@allenmatkins.com
Carl Grumer on behalf of Interested Party Netunim, Inc. cgrumer@manatt.com, bruiz@manatt.com
Brian T Harvey on behalf of Creditor Committee Official Committee of Creditors Holding Unsecured Claims bharvey@buchalter.com, IFS_filing@buchalter.com;dbodkin@buchalter.com
Brian T Harvey on behalf of Interested Party Courtesy NEF bharvey@buchalter.com, IFS_filing@buchalter.com; dbodkin@buchalter.com
Lesley A Hawes on behalf of Interested Party Courtesy NEF lesley.hawes@dentons.com, chris.omeara@dentons.com
Brian L Holman on behalf of Creditor Charter Holdings, Inc. b.holman@mpglaw.com
Andy Kong on behalf of Creditor Anschutz Entertainment Group, Inc. Kong.Andy@ArentFox.com
Lewis R Landau on behalf of Debtor Net Data Centers, Inc. Lew@Landaunet.com
Lewis R Landau on behalf of Interested Party Courtesy NEF Lew@Landaunet.com
Lewis R Landau on behalf of Plaintiff Net Data Centers, Inc. Lew@Landaunet.com
Matthew A Lesnick on behalf of Interested Party Courtesy NEF matt@lesnickprince.com, tmims@lesnickprince.com; matt@ecf.inforuptcy.com
Ron Maroko on behalf of U.S. Trustee United States Trustee (LA) ron.maroko@usdoj.gov
Carl Mueller on behalf of Creditor Avanz Technologies, LLC cmueller@maloneyfirm.com, llarios@maloneyfirm.com Carl Mueller on behalf of Creditor Chad Long cmueller@maloneyfirm.com, llarios@maloneyfirm.com
Carl Mueller on behalf of Defendant Avanz Technologies, LLC cmueller@maloneyfirm.com, llarios@maloneyfirm.com
Carl Mueller on behalf of Defendant Chad Long cmueller@maloneyfirm.com, llarios@maloneyfirm.com
Jessica G Peterson on behalf of Interested Party Akamai Technologies, Inc. jpeterson@djplaw.com, khughes@djplaw.com
Daren M Schlecter on behalf of Interested Party Courtesy NEF daren@schlecterlaw.com, assistant@schlecterlaw.com
Steven M Spector on behalf of Creditor Committee Official Committee of Creditors Holding Unsecured Claims sspector@buchalter.com, IFS_efiling@buchalter.com;salarcon@buchalter.com
Steven M Spector on behalf of Interested Party Courtesy NEF sspector@buchalter.com, IFS_efiling@buchalter.com; salarcon@buchalter.com
Wayne R Terry on behalf of Interested Party Courtesy NEF wterry@hemar-rousso.com
United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                                                   F 9013-3.1
16